**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EMMANUEL CEUS,

    *Plaintiff*,

v.

NEW JERSEY LAWYERS SERVICE, LLC,

    *Defendant*.

Civil Action No. 19-17073

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently before the Court is Defendant New Jersey Lawyers Services, LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). D.E. 5. *Pro se* Plaintiff Emmanuel Ceus filed a brief in opposition to the motion. D.E. 6. The Court reviewed the submission made in support and in opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED** and Plaintiff is granted leave to re-serve Defendant.

    **I.    BACKGROUND**

    *Pro se* plaintiff Emmanuel Ceus filed a Complaint against Defendant alleging that Defendant failed to accommodate his disability at work and that he was wrongfully terminated. D.E. 1. On August 29, 2019, Plaintiff filed a return of service indicating that Plaintiff personally served Defendant with a copy of the Summons and Complaint on August 28, 2019. D.E. 3. Then on September 20, 2019, Plaintiff filed a request for default to be entered against Defendant due to

Defendant's failure to respond to the Complaint. D.E. 4. Defendant subsequently filed the instant motion to dismiss. D.E. 5.

## II.  LAW AND ANALYSIS

Defendant argues that this case must be dismissed pursuant to Federal Rule 12(b)(5) because it was not served in accordance with the Federal Rules of Civil Procedure. Rule 12(b)(5) permits courts to dismiss a case for insufficient service of process. Federal Rule of Civil Procedure 4 governs the requirements that must be met for proper service under Rule 12(b)(5). *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018). In addition, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

Defendant contends that service was improper because Plaintiff's return of service indicates that he personally served Defendant. D.E. 3. Rule 4(c)(2) provides that a party to the proceedings may not personally effect service. Fed. R. Civ. P. 4(c)(2). "Thus, *pro se* litigants who personally serve a summons and complaint violate Rule 4(c)(2)." *Urich v. J. Gordon & Co., Inc.*, No. 14-5490, 2015 WL 758555, at *2 (D.N.J. Feb. 23, 2015); *see also Touray v. Middlesex County*, 139 F. App'x 428, 430 (3d Cir. 2005) (finding that service was improper because one of the plaintiffs was identified as the process server in the return of service). Here, Plaintiff maintains that service was proper but does not appear to deny that he personally served Defendant.[1] Plf.

---

[1] In his opposition brief, Plaintiff seeks for default to be entered as to Defendant and for a default judgment against Defendant, pursuant to Fed. R. Civ. P. 55, due to Defendant's failure to plead or otherwise defend. Plf. Opp. at 3. Default judgment is not appropriate if a defendant is not served in accordance with the Federal Rules of Civil Procedure. *See, e.g.*, *Travelodge Hotels, Inc. v. CPK, Inc.*, No. 13-4796, 2014 WL 2611836, at *2 (D.N.J. June 10, 2014) (dismissing motion for default judgment where service of summons and complaint was improper). Accordingly, this request is denied.

2

Opp. at 6. Therefore, this Court concludes that Plaintiff's service of Defendant was improper because Plaintiff failed to comply with Rule 4(c)(2).

"[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Courts are "reluctant to dismiss an action" when a plaintiff acts in good faith but fails to effectuate proper service. *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 15, 2013); *see also Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013) (noting that courts will grant additional time to a plaintiff who acts in good faith to properly serve a defendant despite prior failure to effect proper service of process). If there is a reasonable prospect that service can be properly effected, courts quash service and provide a plaintiff with additional time to effectuate proper service upon the defendant. *Hoist*, 2013 WL 5467313, at *5-6; *Ramada Worldwide, Inc.*, 2013 WL 1903295, at *6 (recommending that plaintiff be afforded with an additional sixty days to effect proper service after finding service was attempted in good faith but to the wrong address).

Here, *pro se* Plaintiff attempted to serve process on Defendant but mistakenly served Defendant personally. This mistake appears to have been in good faith. Taking into consideration Plaintiff's *pro se* status, combined with his attempt to serve, this Court will exercise its discretion by quashing the initial service as to Defendant and providing Plaintiff with a forty-five (45) day extension upon which to properly serve Defendants in accordance with the Federal Rules.

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 27th day of April, 2020

**ORDERED** that Defendant's motion to dismiss (D.E. 5) is **DENIED**; and it is further

**ORDERED** that the initial service as to Defendant is quashed and Plaintiff is granted a thirty (30) day extension from receipt of this Opinion and Order upon which to properly effect service upon Defendant in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk's Office is directed to reissue the summons as to Defendant; and it is further

**ORDERED** that Plaintiff's request for default to be entered as to Defendant and for default judgment pursuant to Fed. R. Civ. P. 55 is **DENIED**; and it is further

**ORDERED** that Defendant is directed to serve Plaintiff with a copy of this opinion and order, and file proof of service on the docket by June 11, 2020.[2]

_____
John Michael Vazquez, U.S.D.J.

---

[2] The Court realizes that, in light of the COVID-19 pandemic, service may be difficult. If Plaintiff experiences difficulty in effecting proper service by June 11, 2020, then Plaintiff must – *before* June 11, 2020 – file a request on the docket seeking additional time to effect service. Any request must include an explanation as to why Plaintiff cannot effect service by June 11.