**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

EMMANUEL CEUS,

    *Plaintiff*,

v.

NEW JERSEY LAWYERS SERVICE, LLC,

    *Defendant*.

Civil Action No. 19-17073

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently before the Court is Defendant New Jersey Lawyers Service, LLC's motion to dismiss Plaintiff's Complaint for insufficiency of service of process and for failure to state a claim upon which relief can be granted. D.E. 12. *Pro se* Plaintiff Emmanuel Ceus filed a brief in opposition to the motion. D.E. 13. The Court reviewed the submissions made in support and in opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED** and Plaintiff is granted leave to re-serve Defendant.

    **I.**     **BACKGROUND**

    Plaintiff alleges that Defendant failed to accommodate Plaintiff's disability at work and that he was wrongfully terminated. Compl., D.E. 1. Plaintiff filed his Complaint on August 22, 2019, D.E. 1, and on August 29, 2019, filed a return of service indicating that he personally served Defendant with a copy of the Summons and Complaint. D.E. 3. On June 25, 2020, Defendant filed a motion to dismiss due to insufficient service of process. D.E. 5. The Court denied Defendant's motion to dismiss and granted Plaintiff leave to re-serve Defendant within forty-five

(45) days.  D.E. 7.  Plaintiff subsequently filed a certificate of service on May 28, 2020, indicating that Plaintiff mailed a copy of the summons and complaint to Defendant's attorney.  D.E. 11.  On June 25, 2020, Defendant filed the instant motion to dismiss.  D.E. 12.

## II. LAW AND ANALYSIS

Defendant argues that this case must be dismissed for, among other things, failure to serve Defendant in accordance with the Federal Rules of Civil Procedure.  Def. Br. at 4-6.  Federal Rule of Civil Procedure 12(b)(5) permits courts to dismiss a case for insufficient service of process.  Federal Rule of Civil Procedure 4 governs the requirements for proper service.  *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018).

Defendant first contends that Plaintiff failed to complete service because Plaintiff personally served Defendant's attorney.  Def. Br. at 4-6.  Rule 4(c)(2) provides that a party to the proceedings may not personally effect service.  Fed. R. Civ. P. 4(c)(2).  "Thus, *pro se* litigants who personally serve a summons and complaint violate Rule 4(c)(2)."  *Ulrich v. J. Gordon & Co., Inc.*, No. 14-5490, 2015 WL 758555, at *2 (D.N.J. Feb. 23, 2015); *see also Touray v. Middlesex County*, 139 F. App'x 428, 430 (3d Cir. 2005) (finding that service was improper because one of the plaintiffs was identified as the process server in the return of service).  Here, the Court provided Plaintiff with a forty-five-day extension to properly serve Defendant after Plaintiff initially attempted to personally effect service.  Plaintiff once again attempted to personally effect service by mailing a copy of the summons and complaint.  D.E. 11.  Therefore, Plaintiff's service of Defendant was improper because Plaintiff failed to comply with Rule 4(c)(2).  Again, a party in the matter cannot personally serve another party in the same matter.

Defendant further contends that service was improper because Plaintiff failed to comply with Federal Rule of Civil Procedure 4(e).  Def. Br. at 6.  Pursuant to Rule 4(e),[1] an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  *See* Fed. R. Civ. P. 4(e)(1).  Pursuant to New Jersey Court Rule 4:4-3, New Jersey permits service of process by certified mail only when "personal service cannot be effected after a reasonable and good faith attempt."  N.J. Ct. R. 4:4-3.  In this instance, Plaintiff does not explain why he could not affect personal service.  As a result, Plaintiff's attempt at service also failed to comply with Rule 4(e)(1).

Finally, in the absence of an express agreement between the agent and principal, authorization to accept service of process on behalf of a corporation or an individual does not exist.  *Fallas v. Cavalry SPV I, LLC*, No. 12-05664, 2013 WL 1811909, at 3 (D.N.J. Apr. 29, 2013) (citing N.J. Ct. R. 4:4-4(a)(6)).  Here, there is no indication that counsel for Defendant agreed to accept service on behalf of Defendant.  As a result, the Court concludes that Plaintiff also failed to properly serve Defendant pursuant to N.J. Ct. R. 4:4-4(a)(6).

"[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."  *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).  Courts are "reluctant to dismiss an action" when a plaintiff acts in good faith but fails to effectuate proper service.  *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, No. 07-2726, 2013 WL 1903295, at *6 (D.N.J. Apr. 15, 2013); *see also Hoist v. New Jersey*, No. 12-5370,

---

[1] Defendant is a limited liability corporation.  As a result, Plaintiff must comply with Rule 4(h) when serving Defendant, which governs service of corporations and unincorporated associations.  Fed. R. Civ. P. 4(h).  Rule 4(h)(1)(A) provides that an entity may be served "in the manner prescribed by Rule 4(e)(1)."  Fed. R. Civ. P. 4(h)(1)(A).

2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013) (noting that courts will grant additional time to a plaintiff who acts in good faith to properly serve a defendant despite prior failure to effect proper service of process).

Here, *pro se* Plaintiff's mistakes in effecting service appear to have been made in good faith.  Taking into consideration Plaintiff's *pro se* status, and combined with his timely attempt to re-serve Defendant, this Court will exercise its discretion and provide Plaintiff with an additional forty-five (45) day extension upon which to properly serve Defendants in accordance with the Federal Rules.  But given that this will be Plaintiff's third attempt to serve Defendant, the Court will not provide Plaintiff with any further extensions in the future.  In addition, Plaintiff is directed to read the Federal Rules of Civil Procedure before attempting to serve Defendant again.

Therefore, for the foregoing reasons,

IT IS on this 25th day of August, 2020

**ORDERED** that Defendant's motion to dismiss for failure to complete service (D.E. 12) is **DENIED**; and it is further

**ORDERED** that the service as to Defendant is quashed and Plaintiff is granted a forty-five (45) day extension from receipt of this Opinion and Order upon which to properly effect service upon Defendant in accordance with the Federal Rules of Civil Procedure[2]; and it is further

**ORDERED** that the Clerk's Office is directed to reissue the summons as to Defendant; and it is further

---

[2] Because the Court is quashing service and directing Plaintiff to re-serve Defendant, the Court will not address Defendant's remaining arguments for dismissal at this time.

**ORDERED** that the Clerk's Office is directed to serve Plaintiff with a copy of this Opinion and Order via certified and regular mail.

                                               _____
                                               John Michael Vazquez, U.S.D.J.