<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMMANUEL CEUS, <br><br> *Plaintiff*, <br><br> v. <br><br> NEW JERSEY LAWYERS SERVICE, LLC, <br><br> *Defendant*. | Civil Action No. 19-17073 <br><br> **<u>OPINION & ORDER</u>** |

**<u>John Michael Vazquez, U.S.D.J.</u>**

Presently before the Court is Defendant New Jersey Lawyers Service, LLC's ("Defendant" or "NJLS") motion to dismiss Plaintiff's Complaint for insufficiency of service of process. D.E. 18. *Pro se* Plaintiff Emmanuel Ceus filed opposition. D.E. 19. The Court reviewed the submissions made in support and in opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

I.  **BACKGROUND**

Plaintiff alleges that Defendant failed to accommodate Plaintiff's disability at work and that he was wrongfully terminated. D.E. 1. Plaintiff filed his Complaint on August 22, 2019, D.E. 1, and on August 29, 2019, filed a return of service indicating that he personally served Defendant with a copy of the Summons and Complaint. D.E. 3. On June 25, 2020, Defendant filed a motion to dismiss due to insufficient service of process. D.E. 5. The Court denied Defendant's motion to dismiss and granted Plaintiff leave to re-serve Defendant within forty-five (45) days. D.E. 7. Plaintiff subsequently filed a certificate of service on May 28, 2020, indicating that Plaintiff mailed

a copy of the summons and complaint to Defendant's attorney. D.E. 11. On June 25, 2020, Defendant filed a second motion to dismiss due to insufficient service of process. D.E. 12. The Court denied Defendant's second motion to dismiss and granted Plaintiff leave to re-serve Defendant within forty-five (45) days. D.E. 14. Plaintiff indicated that the Summons was returned as executed on September 29, 2020, D.E. 17, and Defendant subsequently filed a third motion to dismiss for insufficient service of process, D.E. 18.

## II. LAW AND ANALYSIS

Defendant argues that this case must be dismissed for failure to serve Defendant in accordance with the Federal Rules of Civil Procedure. Def. Br. at 4-6. Federal Rule of Civil Procedure 12(b)(5) permits courts to dismiss a case for insufficient service of process. Federal Rule of Civil Procedure 4 governs the requirements for proper service. *DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018).

Defendant contends that service was improper because Plaintiff failed to comply with Federal Rule of Civil Procedure 4(h). Def. Br. at 4-5. Defendant is a limited liability corporation. As a result, Plaintiff must comply with Rule 4(h) when serving Defendant, which governs service of corporations and unincorporated associations. Fed. R. Civ. P. 4(h). Rule 4(h)(1)(A) provides that an entity may be served "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Pursuant to Rule 4(e), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1). New Jersey Court Rule 4:4-4(5) provides that a limited liability corporation may be served through an officer or managing agent. N.J. Ct. R. 4:4-4(5). In addition, Rule 4(h)(1)(B) provides that an entity may be served "by delivering a copy of the summons and of the complaint to an officer, a

managing or general agent, or any other agent authorized by appointment or law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Defendant argues that its employee who was served with the papers was not authorized to accept service on Defendant's behalf. Def. Br. at 5.

"Usually, the mere acceptance 'of service by an employee . . . does not establish that the employee had authority to accept service.'" *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015 WL 4773125, at *6 (D.N.J. Aug. 12, 2015) (quoting *Lee v. Genuardi's Family Markets, L.P.*, No. 10-1641, 2010 WL 2869454, at *3 (D.N.J. July 19, 2010)). However, service upon an employee may be sufficient under New Jersey law if the representative is "so integrated with the organization that he will know what to do with the papers and that he or she should stand in a position as to render it fair, reasonable and just to imply the authority to receive service." *O'Connor v. Altus*, 335 A.2d 545, 556 (N.J. 1975). If a plaintiff satisfies this two-pronged test, service can be considered proper even if the representative is not an officer, managing agent, or otherwise authorized to accept service. *Id.*

Here, the affidavit of service states that the process server served Evette Cortez with a copy of the Summons and Complaint in this matter on September 25, 2020. D.E. 17 at 5. Cortez did not refuse service and the process server indicated that she "stated they are authorized to accept service for [Defendant]." *Id.* Cortez is an operations manager at NJLS, and "oversee[s] couriers and daily work flows." Cortes Aff. ¶¶ 1-2. Now, Cortez states that she has never accepted service on behalf of Defendant. Cortez continues that on September 25, 2020, she told the process server that she "did not know if [she] was authorized to accept papers." *Id.* ¶¶ 5-6. Finally, Cortez explains that "[u]pon information and belief, [she is] not authorized to accept papers on behalf of [Defendant.]" *Id.* ¶ 8. Thus, it does not appear that Ms. Cortez is an officer, managing agent, or was otherwise authorized to accept service for Defendant.

3

But service may still be proper if Plaintiff satisfies the two-prong test set forth in *O'Connor v. Altus*. Defendant is "an award-winning courier for a broad range of professionals, businesses and state and local agencies." NJLS, http://www.NJLS.com/Home. As operations manager of NJLS, Cortez oversees the company's couriers. Cortez Aff. ¶¶ 1-2. Given Cortez's responsibilities within Defendant's business (*i.e.*, that she oversees the essential purpose of the business), the Court concludes that she was so integrated with company that she knew what to do with the Summons and Complaint. The Court also concludes that it is fair and reasonable to imply that Cortez had the apparent authority to receive service. Although Defendant now states that Cortez is not authorized to receive service on behalf of the entity, Plaintiff's process server explained that she indicated otherwise when she was served. D.E. 17 at 5. Moreover, Cortez did not refuse the papers. Instead, it appears that she accepted the papers when they were handed to her by the process service.[1] Cortez Aff. ¶ 6. Courts have determined that service was proper under similar circumstances. *See, e.g.*, *Hudson Hosp. OPCO, LLC v. Regency Heritage Nursing & Rehab. Ctr., LLC*, No. 16-5673, 2017 WL 4882493, at *5-6 (D.N.J. Oct. 30, 2017) (finding that service was proper where the plaintiff served papers on a receptionist who did not refuse the papers and signed the process server's work order). New Jersey courts have even found service proper where a receptionist stated that she was authorized to accept service regardless of whether the receptionist was "so integrated" within the corporation. *Trs. of Local 478 Trucking & Allied Indus. Pension Fund v. Baron Holding Corp.*, 540 A.2d 1307, 1310 (N.J. App. Div. 1988) ("In this case, the deputy did not have 'to imply' that [the receptionist] had authority to receive service. The unrebutted proof shows that [the receptionist] represented to the deputy that she was authorized to

---

[1] There is no dispute that Defendant had actual notice of this matter. Defendant has already filed two motions to dismiss, and less than a month after Plaintiff indicated that Defendant had been served via Cortez, Defendant filed its third motion to dismiss.

4

accept service."). Consequently, the Court concludes that Defendant was properly served in this matter under the two-pronged test set forth in *O'Connor v. Altus*.

Therefore, for the foregoing reasons,

IT IS on this 5th day of May, 2021

**ORDERED** that Defendant's third motion to dismiss for failure to complete service (D.E. 18) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to serve Plaintiff with a copy of this Opinion and Order via certified and regular mail.

_____
John Michael Vazquez, U.S.D.J.