**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EMMANUEL CEUS,

        Plaintiff,

v.

NEW JERSEY LAWYERS SERVICE, LLC,

        Defendant.

Civil Action No. 19-17073

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently before the Court is Defendant New Jersey Lawyers Service, LLC's motion to dismiss the Complaint. D.E. 23. *Pro se* Plaintiff Emmanuel Ceus filed an affidavit in response to Defendant's motion. D.E. 24. The Court reviewed the submissions in support and in opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

    I.    **BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff alleges that Defendant, his former employer, was aware of his disability and failed to accommodate the disability despite requests.[1] Compl. at 3. Plaintiff also alleges that Defendant terminated him "under false pretenses" while Plaintiff was using approved vacation time. *Id.*

---

[1] The factual background is taken from Plaintiff's Complaint ("Compl"). D.E. 1. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff contends this conduct violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). *Id.* at 2.

Plaintiff filed his Complaint on August 22, 2019, D.E. 1, and on August 29, 2019, filed a return of service indicating that he personally served Defendant with a copy of the Summons and Complaint. D.E. 3. On October 11, 2019, Defendant filed a motion to dismiss for insufficient service of process. D.E. 5. The Court denied Defendant's motion to dismiss and granted Plaintiff leave to re-serve Defendant within forty-five (45) days. D.E. 7. Plaintiff subsequently filed a certificate of service on May 28, 2020, indicating that Plaintiff mailed a copy of the summons and complaint to Defendant's attorney. D.E. 11. On June 25, 2020, Defendant filed a second motion to dismiss due to insufficient service of process and failure to state a claim. D.E. 12. The Court denied Defendant's motion and granted Plaintiff leave to re-serve Defendant within forty-five (45) days. D.E. 14. Plaintiff indicated that the Summons was returned as executed on September 29, 2020, D.E. 17, and Defendant subsequently filed a third motion to dismiss for insufficient service of process, D.E. 18. On May 5, 2021, this Court denied Defendant's motion and concluded that Defendant was properly served. D.E. 21. Defendants then filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] D.E. 23.

---

[2] Federal Rule of Civil Procedure 12(g) prohibits a party from filing multiple pre-answer motions if a defense "was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This is Defendant's fourth pre-answer motion to dismiss, and Defendant did not seek to dismiss this matter pursuant to Rule 12(b)(6) in all of its previous motions. Accordingly, this motion is procedurally improper because a Rule 12(b)(6) defense argument was previously available to Defendant. However, Defendant's failure to include a Rule 12(b)(6) defense in each of its prior motions does not amount to a waiver. Rule 12(h) explicitly states that a party can also assert the defense of failure to state a claim through a Rule 12(c) motion or at trial. Fed. R. Civ. P. 12(h). Courts apply the same standard when analyzing the defense in a Rule 12(b)(6) and Rule 12(c) motion. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). Because Defendant could have asserted this defense through a Rule 12(c) motion after it filed an answer, the Court will still consider the merits of Defendant's motion. *See Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015) ("A district court's decision to consider a successive Rule 12(b)(6) motion to

2

## II.   MOTION TO DISMISS STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal

---

dismiss is usually harmless . . . [s]o long as the district court accepts all of the allegations in the complaint as true" because "the result is the same as if the defendant had filed an answer . . . and then filed a Rule 12(c) motion.").

3

conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

Title VII prohibits discrimination because of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. To state a *prima facie* case of discrimination under Title VII, a plaintiff must show that (1) he belongs to a protected class; (2) was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; (4) under circumstances that raise an inference of discriminatory intent. *Barrentine v. New Jersey Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)). Title VII does not prohibit discrimination due to a disability. *See Patterson v. AFSCME # 2456*, 320 F. App'x 143, 147 (3d Cir. 2009) (affirming district court's conclusion that a plaintiff who "suffered discrimination on account of her cognitive disabilities" failed to plead "she suffered discrimination on the basis of a characteristic protected by Title VII"). Thus, Plaintiff does not allege that he is a member of any protected class. Accordingly, Plaintiff fails to state a Title VII claim, and this claim is dismissed.

The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish a *prima face* case of discrimination under the ADA, a plaintiff must show that (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he suffered an adverse employment decision as a result of discrimination. *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000). To satisfy the first element, a plaintiff must plead that he "qualifies as 'disabled' by virtue of: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such

4

an impairment; or (3) that [he] is regarded as having such an impairment." *Patterson*, 320 F. App'x at 147 (citing 42 U.S.C. § 12102). Outside of pleading that he has a disability, Plaintiff provides no details through which the Court can infer that he has a qualifying disability. Moreover, Plaintiff fails to plead that he was otherwise qualified to perform the essential functions of his job. Plaintiff's Complaint does not explain his disability, nor does Plaintiff plead what his job was. Finally, although Plaintiff pleads that he was terminated under a "false pretense," the Complaint fails to allege that he was fired because of his disability. Therefore, Plaintiff fails to plead a *prima facie* ADA claim.

In his opposition brief, Plaintiff provides additional details about his termination and his disability. As for his disability, Plaintiff argues that he has a host of medical issues including diabetes, asthma, allergies, high cholesterol, leg problems, back problems, and vision problems. Plf. Opp. at 10. A plaintiff cannot amend his Complaint by adding new factual allegations in a brief. *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)). However, given Plaintiff's *pro se* status, the Court will consider these additional factual allegations.

In short, Plaintiff's new allegations do not change the outcome. Plaintiff still fails to allege that any of his medical conditions constitute a disability because Plaintiff fails to allege that they substantially limit a major life activity or what the activity is. Consequently, Plaintiff fails to establish a disability under the ADA. *See Johnson v. Amtrak*, 390 F. App'x 109, 113-14 (3d Cir. 2010) ("There is no question that [the plaintiff] suffers from medical issues that affect his ability to participate fully in hobbies and other activities that he once enjoyed. Nonetheless, the discomfort or inconvenience that accompanies [the plaintiff] as a result of his diabetes, colitis, and

back, neck, and knee injuries does not constitute a disability, as defined by the ADA."). In addition, although Plaintiff provides new information about his termination, Plaintiff fails to provide facts from which the Court could plausibly infer that he was actually terminated because of his purported disability. Accordingly, Plaintiff's ADA claim is dismissed.[3]

When dismissing claims pursuant to Rule 12(b)(6), a court typically gives a plaintiff leave to amend, provided that any deficiencies could be cured through an amended pleading. *See Shave v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). Although it is not clear if Plaintiff will be able to cure his Title VII or ADA claims, because Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with an opportunity to amend. Consequently, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 14th day of September, 2021

**ORDERED** that Defendant's motion to dismiss (D.E. 23) is **GRANTED** and the Complaint is **DISMISSED**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from receipt of this Opinion & Order to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, this matter will be dismissed with prejudice; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff via certified and regular mail.

_____
John Michael Vazquez, U.S.D.J.

---

[3] Because Plaintiff's Complaint is dismissed on the merits, the Court does not reach Defendant's argument that Plaintiff's claims are barred by the statute of limitations. *See* Def. Br. at 5-6.

6