**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EMMANUEL CEUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEW JERSEY LAWYERS SERVICE, LLC,<br><br>　　　　　Defendant. | Civil Action No. 19-17073<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is Defendant New Jersey Lawyers Service, LLC's motion to dismiss the First Amended Complaint ("FAC"). D.E. 29. *Pro se* Plaintiff Emmanuel Ceus filed an affidavit in opposition to Defendant's motion. D.E. 32. The Court reviewed the submissions in support and in opposition and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**.

I.　　**BACKGROUND[1] AND PROCEDURAL HISTORY**

Plaintiff alleges that Defendant, Plaintiff's former employer, denied his request for a sick day, changed Plaintiff's route and gave him more work despite his sickness, and treated Plaintiff less favorably because he was sick. FAC at 1. Plaintiff further alleges that he was mistreated

---

[1] The factual background is taken from Plaintiff's First Amended Complaint ("FAC"). D.E. 28. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

because he is a Haitian man, due to his age, and that he has undergone genetic discrimination. *Id.* Finally, Plaintiff alleges that Defendant terminated him "under false pretenses" while Plaintiff was using approved vacation time. *Id.* at 1-2. Plaintiff seems to allege that he was terminated in retaliation for asserting his legal rights related to being sick. *Id.* at 2.

Plaintiff filed his Complaint on August 22, 2019, D.E. 1, and on August 29, 2019, filed a return of service indicating that he personally served Defendant with a copy of the Summons and Complaint. D.E. 3. On October 11, 2019, Defendant filed a motion to dismiss for insufficient service of process. D.E. 5. The Court denied Defendant's motion to dismiss and granted Plaintiff leave to re-serve Defendant within forty-five (45) days. D.E. 7. Plaintiff subsequently filed a certificate of service on May 28, 2020, indicating that Plaintiff mailed a copy of the summons and complaint to Defendant's attorney. D.E. 11. On June 25, 2020, Defendant filed a second motion to dismiss due to insufficient service of process and failure to state a claim. D.E. 12. The Court denied Defendant's motion and granted Plaintiff leave to re-serve Defendant within forty-five (45) days. D.E. 14. Plaintiff indicated that the Summons was returned as executed on September 29, 2020, D.E. 17, and Defendant subsequently filed a third motion to dismiss for insufficient service of process, D.E. 18. On May 5, 2021, this Court denied Defendant's motion and concluded that Defendant was properly served. D.E. 21.

Defendant then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 23. In the initial Complaint, Plaintiff asserted claims under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). This Court granted Defendant's motion because Plaintiff failed to establish that any of his medical conditions were a disability under the ADA or that he was a member of a protected class, as is necessary to

assert a Title VII claim. The Court provided Plaintiff with leave to file an amended pleading to cure the identified deficiencies. Sept. 14 Op., D.E. 26.

Plaintiff subsequently filed the FAC. In the FAC, it appears that Plaintiff abandons his ADA claim[2] and instead asserts claims under the FMLA, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Genetic Information Nondiscrimination Act of 2008 ("GINA").[3] Plaintiff still asserts a Title VII claim. D.E. 28. On October 29, 2022, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 29.

II.     **MOTION TO DISMISS STANDARD**

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and

---

[2] In the instant motion, Defendant seeks to dismiss Plaintiff's ADA claims. Def. Br. at 5-8. Because the Court does not view the FAC as asserting an ADA claim, the Court will not address these arguments. The Court notes, however, that Plaintiff previously argued that he was disabled under the ADA due to numerous medical issues, including diabetes, asthma, allergies, high cholesterol, leg problems, back problems, and vision problems. Sept. 14 Op. at 5. The Court dismissed Plaintiff's ADA claim in the initial Complaint, in part, because Plaintiff failed to establish that any of these ailments amounted to a disability under the ADA. *Id.*

[3] GINA includes an anti-discrimination provision that prohibits employment "[d]iscrimination based on genetic information." 42 U.S.C. § 2000ff-1(a). Genetic information includes information about an individual or family member's genetic tests. 42 U.S.C. § 2000ff(4)(A).

3

legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III.    ANALYSIS

#### 1. Title VII Claims

Defendant first contends that Plaintiff fails to state a claim under Title VII. Def. Br. at 3-5. Title VII prohibits discrimination because of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. To state a *prima facie* case of discrimination under Title VII, a plaintiff must show that (1) he belongs to a protected class; (2) was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; (4) under circumstances that raise an inference of discriminatory intent. *Barrentine v. N.J. Transit*, 44 F. Supp. 3d 530, 538 (D.N.J. 2014) (citing *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted)). This Court previously dismissed Plaintiff's Title VII claim because he did not allege that he was a member of any protected class. Sept. 14 Op. at 4. In the FAC, Plaintiff

pleads that Defendant's representatives made derogatory remarks to Plaintiff because he is Haitian man. FAC at 1. Viewing the Complaint liberally, the Court concludes that with this statement, Plaintiff sufficiently alleges that he is a member of a protected class. *See Santos v. Iron Mountain Film & Sound*, No. 12-4214, 2013 WL 6054832, at *4 (D.N.J. Nov. 14, 2013) (explaining that national origin, race, and ethnicity are protected classes under Title VII). Plaintiff also alleges that he was subject to an adverse employment action because he was terminated. FAC at 2. But Plaintiff fails to allege that he was terminated because he is Haitian. Rather, Plaintiff alleges that he was terminated because he was sick and took time off. *See id.* at 2. Without allegations raising an inference of discriminatory intent based on his protected class, Plaintiff fails to plead a Title VII discrimination claim.

Plaintiff also fails to plead a retaliation claim under Title VII. To establish a *prima facie* retaliation claim, a plaintiff must show that "(1) []he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)). A protected activity under Title VII includes "participat[ion] in certain Title VII proceedings" and opposition to unlawful discrimination under Title VII. *Id.* at 341. Plaintiff does not allege that he was involved in any activity that could reasonably be construed as a Title VII proceeding, nor does he sufficiently allege that Defendant unlawfully discriminated against him or any other employee. Accordingly, Plaintiff fails to plead that he engaged in a protected activity under Title VII. Plaintiff, therefore, does not state a Title VII retaliation claim, and Plaintiff's Title VII claims are dismissed.

5

When dismissing claims pursuant to Rule 12(b)(6), a court typically gives a plaintiff leave to amend, provided that any deficiencies could be cured through an amended pleading. *See Shave v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). Although it is not clear if Plaintiff will be able to cure his Title VII claims, because Plaintiff is proceeding *pro se*, the Court will provide Plaintiff with one additional opportunity to amend.

### 2. FMLA, ADEA and GINA Claims

Next, Defendant argues that Plaintiff's newly pled FMLA, ADEA and GINA claims must be dismissed because they are barred by the statute of limitations. Def. Br. at 8-10. Generally, the statute of limitations for an FMLA claim is two years.[4] 29 U.S.C. § 2617(c)(1). Although the FAC does not state when Plaintiff was fired, Plaintiff indicated in the initial Complaint that he was terminated in January 2019. D.E. 1 at 3. And as discussed, Plaintiff first asserted his FMLA claim in the FAC. Plaintiff filed the FAC on October 15, 2021, D.E. 28, after the two-year statute of limitations expired.

However, "Rule 15(c) can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint." *Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001). Federal Rule of Civil Procedure 15(c)(1)(B) provides that a new claim in an amended pleading relates back to the original filing if it "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In other words, if an amendment relates back, "the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time [of original filing]."

---

[4] The statute of limitations is extended to three years if a plaintiff alleges a "willful violation." 29 U.S.C. § 2617(c)(2). To establish willfulness, "an employee must show that the employer's interference or retaliation was knowingly in violation of the FMLA's statutory protection or the employer acted with reckless disregard for the same." *Denson v. Atl. Cty. Dep't of Pub. Safety*, No. 13-5315, 2016 WL 5415060, at *6 (D.N.J. Sept. 27, 2016).

*Garvin v. City of Philadelphia*, 354 F.3d 215, 221 (3d Cir. 2003).  "[T]he touchstone for relation back is fair notice."  *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012).  Accordingly, relation back is only allowed "where the opposing party is given fair notice of the general fact situation and legal theory upon which the amending party proceeds."  *Id.* (internal quotation omitted).

Plaintiff filed the initial Complaint on August 22, 2019, well within the statute of limitations for a FMLA claim.  And the FMLA claim in the FAC is based on the exact same set of facts addressed in the initial Complaint.  Further, although Plaintiff did not specifically identify a FMLA claim in the original pleading, Plaintiff generally alleged that he was terminated for taking sick leave.  As a result, the FMLA claim arises out of the same conduct as the claims Plaintiff asserted in his initial Complaint, and Defendant had fair notice of Plaintiff's allegations.  Plaintiff's FMLA claim relates back to the date of Plaintiff's initial pleading and the Court will not dismiss Plaintiff's FMLA claim as time barred.

Defendant also maintains that Plaintiff's ADEA and GINA claims are time-barred, albeit under a slightly different theory.  Defendant contends that these claims are barred because Plaintiff did not assert them within ninety days after receipt of a "Right to Sue" letter from the EEOC.[5]  Def. Br. at 9-10.  A plaintiff must file a complaint asserting his ADEA and GINA claims within ninety days from receipt of the notice of right to sue.  29 U.S.C. § 626(e) (ADEA); 29 C.F.R. § 1635.10 (GINA).  This ninety-day limitation "is akin to a statute of limitations."  *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239-40 (3d Cir. 1999).  Therefore, courts apply the relation back doctrine to the ninety-day requirement.  *See, e.g.*, *Varughese v. Robert Wood Johnson Med. Sch.*, No. 16-2828, 2017 WL 4270523, at *9 (D.N.J. Sept. 26, 2017) (applying Rule 15(c)

---

[5] Defendant does not argue that Plaintiff failed to exhaust his ADEA or GINA claims he because did not assert these claims before the EEOC.

7

where the plaintiff failed to name the correct entity in Title VII suit within the ninety-day time limit); *Walker-Robinson v. J.P. Morgan Chase Bank, N.A.*, No. 11-4913, 2012 WL 3079179, at *7 (D.N.J. July 27, 2012) (concluding that the plaintiff's ADEA claim related back to original complaint that raised Title VII claims based on the same conduct); *see also Hundley v. Wawa, Inc.*, No. 21-627, 2021 WL 2555440, at *4-5 (E.D. Pa. June 22, 2021) (applying relation back doctrine to ninety-day filing limit in Title VII case).

Here, Plaintiff received his right to sue letter on June 3, 2019, D.E. 29-4, and he filed his initial Complaint on August 22, 2019, D.E. 1. Thus, Plaintiff complied with the ninety-day filing requirement. Like Plaintiff's FMLA claim, the ADEA and GINA claims are based on the same alleged wrongdoing that Plaintiff asserted in his first Complaint. Therefore, for the reasons discussed above, Plaintiff's ADEA and GINA claims relate back to Plaintiff's initial filing. The Court, therefore, will not dismiss either claim on statute of limitations grounds.[6]

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 21st day of April, 2022

**ORDERED** that Defendant's motion to dismiss (D.E. 29) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's motion is **GRANTED** with respect to Plaintiff's Title VII claims and these claims are dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from receipt of this Opinion & Order to file an amended complaint that cures the deficiencies as to his Title VII claims. If Plaintiff does

---

[6] Although there appear to be some clear pleading deficiencies, Defendant does not seek to dismiss Plaintiff's FMLA, ADEA or GINA claims on these grounds.

not file an amended pleading within that time, those claims will be dismissed with prejudice; and it is further

**ORDERED** that Defendant's motion is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff via regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.

9